UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
        :
RICHARD PADILLA,      :
       Petitioner,  :
        :     13-CV-7908 (JPO)
   -v-     :
        :     OPINION AND ORDER
MARK BRADT, Superintendent Attica  :     ADOPTING REPORT
Correctional Facility,  :     AND
       Respondent.  :     RECOMMENDATION
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

    Richard Padilla, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Padilla was convicted, based on a plea of guilty, in New York State Supreme Court, New York County, for kidnapping in the second degree in violation of New York Penal Law § 135.20 and for committing a criminal sexual act in the first degree in violation of Penal Law § 130.50(1). This Court referred the Petition to Magistrate Judge James C. Francis IV, who issued a thorough and well-reasoned Report and Recommendation that the petition be denied. (Dkt. No. 31 ["Report"].) Padilla has submitted detailed objections to the Report. For the reasons that follow, the Report is adopted in its entirety.

**I.    Discussion**

    Padilla challenges[1] the Report's conclusions regarding his claim that the indictment in his case was jurisdictionally defective.

---

[1] Parts of Padilla's objections could be read to challenge the Report's conclusion that his Fourth Amendment claim was waived by his guilty plea. To the extent that Padilla does challenge that conclusion, his challenge is without merit because his plea of guilty waives his Fourth Amendment rights. *Haring v. Proisse*, 462 U.S. 306, 321 (1983) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation . . . .")

1

### A. Legal Standard

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made, and will make a de novo determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). However, where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error review applies. *Id.* (internal quotation mark omitted). Where, as here, the objecting party is proceeding *pro se*, the Court construes the objections liberally. *Pearson-Fraser v. Bell Atlantic*, No. 01-CV-2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

Padilla does not object to Magistrate Judge Francis's elaboration of the legal standard governing a petition for habeas corpus. Finding no error, the Court adopts it in full. Similarly, neither party objects to Magistrate Judge Francis's conclusion that Padilla exhausted his claims in the New York Courts. The Court similarly adopts that conclusion in full. Padilla objects to the remainder of the Report. Therefore, the Court reviews the remainder of the Report *de novo*.

### B. Defective Indictment Claim

Padilla contends that the indictment in his case was defective because it (1) failed to protect him against a future prosecution for the same offense; (2) failed to contain a plain and concise factual statement of the allegations; (3) failed to specify the precise conduct with which Padilla was charged; and (4) failed to disclose the name of the complainant.

Magistrate Judge Francis concluded that all of Padilla's claims were waived by his plea of guilty. (Report, at 14 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).) Padilla objects to this conclusion; he contends that certain double jeopardy claims are not waived by a

plea of guilty and that, in any event, this Court has discretion to excuse the waiver. (Dkt. No. 36, Petitioner's Objections to Report and Recommendation ¶¶ 9–10 ["Objections"] (citing *Menna v. New York*, 423 U.S. 61 (1975)).)

First, Padilla correctly notes that double jeopardy claims are not automatically waived by the entry of a guilty plea. "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna*, 423 U.S. at 62 (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974).) But Padilla raises a defective indictment claim; the double jeopardy clause is implicated only because protection from double jeopardy is one of the interests furthered by a sufficiently precise indictment. And defective indictment claims do not fall within *Menna*'s exception to *Tollett*'s general rule that petitioners "may only attack the voluntary and intelligent character of [a] guilty plea . . . ." *Tollett*, 411 U.S at 267. Padilla, therefore, waived his challenge to the sufficiency of the indictment when he pleaded guilty to the charged crime.

Second, Padilla contends that this Court has discretion to entertain his defective indictment claim despite his plea of guilty. (Objections ¶ 12.) Even assuming that this Court has such discretion, the Court declines to exercise it because the Court is persuaded that Padilla was given fair notice of the charges against him and that his indictment was not defective for the reasons stated by Magistrate Judge Francis in the Report.

Because the Court has concluded that Padilla's defective indictment claim was waived by the entry of his plea of guilty, the Court need not—and does not—address Padilla's remaining objections to Magistrate Judge Francis's conclusions regarding the substance of that claim.

## II.     Conclusion

For the foregoing reasons, Magistrate Judge Francis's Report is ADOPTED in full, and Padilla's petition for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  January 29, 2015
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

Copy mailed to pro se party by chambers.